MEMORANDUM ***
Ambient Entertainment, Inc. appeals the district court’s grant of a preliminary injunction to Cash Processing Services, LLC (“CPS”), and denial of Ambient’s motion for a preliminary injunction, after CPS filed a trademark infringement action against Ambient regarding ownership of the “MUSTANG RANCH” trademark in connection with clothing, merchandise, and other goods, and Ambient counterclaimed for trademark infringement. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we affirm.
Our review of a decision to grant or deny a preliminary injunction is “limited and deferential,” Sw. Voter Registration Educ. Project v. Shelley, 344 F.3d 914, 918 (9th Cir.2003), and the district court “will be reversed only where [it] abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact.” Does 1-5 v. Chandler, 83 F.3d 1150, 1152 (9th Cir.1996). “[A] district court abuses its discretion when it makes an error of law,” a question subject to de novo review. Sw. Voter Registra *496 tion, 344 F.3d at 918. Here, the district court applied the correct legal standard for abandonment and its findings of fact were not clearly erroneous. See Abdul-Jabbar v. Gen. Motors Corp., 85 F.3d 407, 410-11 (9th Cir.1996). The government came forward with evidence sufficient to rebut the presumption of abandonment that arose from the approximately four-year period of non-use, and Ambient was unable to carry its burden of strict proof that the government intended not to resume use of the mark. See id. at 411; Electro Source, LEG v. Brandess-Kalt-Aetna Group, Inc., 458 F.3d 931, 935 n. 2 (9th Cir.2006). Also, the district court properly rejected Ambient’s argument made in reliance on CreAgri, Inc. v. USANA Health Sciences, Inc., 474 F.3d 626 (9th Cir.2007). Although the A.G.E. companies obtained the Mustang Ranch business in an unlawful manner, and committed various crimes during the period of ownership, this conduct was unrelated to the trademark. The “MUSTANG RANCH” trademark was not obtained through fraud, nothing about its use was illegal, and there is an insufficient nexus between A.G.E.’s criminal activities and the trademark to justify a finding of invalidity. See id. at 630-34.
The district court did not abuse its discretion by concluding that CPS is likely to succeed on the merits of its claim that Ambient is infringing on its right to the “MUSTANG RANCH” mark. See Sw. Voter Registration, 344 F.3d at 918. Nor was the district court’s finding that Ambient’s conduct posed a possibility of irreparable injury, or its conclusion that the public interest favors entry of the injunction, an abuse of discretion. See id. Irreparable injury may occur to CPS’s trademark if consumers are confused about the source of the Mustang Ranch goods. The public interest favors issuance of the injunction to prevent such unnecessary confusion of consumers.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.